IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Randy Young,                                    :

                    Plaintiff                   :        Civil Action 2:07-cv-395

         v.                                     :        Judge Marbley

Columbus Lintel, Inc.,                          :        Magistrate Judge Abel

                    Defendant                   :


**ORDER**

This matter is before the Magistrate Judge on plaintiff Randy Young's February 4, 2010 motion to impose sanctions of default judgment and attorney fees (doc. 53).

Background. On June 24, 2009, the Court ordered defendant Kali Hospitality, Inc. ("Kali Hospitality") to provide plaintiff with a balance sheet of monthly income and expenses for the past year within 15 days and to make its financial records available for inspection within 30 days. *See* doc. 38. On April 2, 2010, the Court ordered defendant to make its financial records available within 14 days again. Defendant was also directed to supplement its responses to several of plaintiff's interrogatories.

Arguments of the Parties.

Plaintiff seeks sanctions against defendant Kali Hospitality for failing to comply with the Court's June 24, 2009 Order, intentionally withholding information concerning

1

a $1,685,000 loan guaranteed by the U.S. Small Business Administration, and failing to supplement its discovery responses regarding renovations.

Plaintiff argues that the defendant's repeated failures to permit plaintiff the opportunity to inspect its financial records was a calculated attempt to conceal its true economic standing. According to plaintiff, defendant has consistently argued that modifications were not readily achievable because it was a small business that was suffering losses and incapable of sustaining the expense of major renovations.

Plaintiff argues that the Court should impose sanctions under Rule 37 by entering a default judgment against defendant and ordering it to pay plaintiff's attorney fees associated with bringing his motion to compel. Plaintiff maintains that default judgment is appropriate because defendant's conduct was willful and constituted bad faith. Plaintiff argues that defendant attempted to hide the enormous amount of money it had its disposal in an effort to intentionally mislead the Court in order to avoid summary judgment. Plaintiff also argues that he suffered prejudice by defendant's failure to comply with the Court's June 24 Order and to supplement his discovery responses.

Plaintiff further argues that the Court should impose sanctions pursuant to 28 U.S.C. § 1927 and require defendant to pay attorney fees associated with compelling discovery for failing to comply with the Court's June 24, 2009 order and for failing to disclose and supplement discovery regarding renovations to the lounge area. Plaintiff maintains that sanctions are appropriate given defendant's dilatory litigation practices.

2

According to plaintiff, defendant's actions have caused this case to stagnate and have multiplied the proceedings.  In the alternative, plaintiff asks te Court to impose sanction based on its inherent authority to regulate cases before it.

In response, defendant argues that the SBA loan was obtained to finance the balloon payment due pursuant to the land contract under which defendant purchased the hotel. Defendant contends that the loan did not generate any cash for it because the loan refinanced the purchase of the hotel. Defendant had no incentive to conceal the loan from plaintiff, and there is evidence of concealment, intentional or otherwise.

Defendant also maintains that it has made its financial records available to plaintiff. Prior to plaintiff filing his motion to compel, defendant offered him the opportunity to review defendant's records on-site. After the motion to compel was filed, defendant made the offer in writing in a January 7, 2010 letter.

Defendant argues that plaintiff's motion for sanctions is without merit and that the Court should award defendant its attorney fees incurred in opposing the motion. Defendant maintains that the SBA loan could have easily been explained had plaintiff's counsel made attempt to contact counsel for defendant.

Fed. R. Civ. P. 37. Rule 37 of the Federal Rules of Civil Procedures provides in pertinent part:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> . . .
> (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

3

Fed. R. Civ. P. 37(a)(3)(B)(iv). If a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party .
> . . whose conducted necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable expenses in
> making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

On April 2, 2010, plaintiff's motion to compel was granted, and defendant was ordered to make its financial records available for inspection within fourteen days. I concluded that defendant's failure to make the financial records available sometime during the intervening nine months was inexcusable. As a result, plaintiff's motion for sanctions is GRANTED in part. Plaintiff is AWARDED his expenses in making the motion, including his attorney's fees.

Plaintiff also seeks to have default judgment entered against defendant pursuant to Rule 37(b)(2)(A)(vi). Ths Sixth Circuit has identified four factors which should be considered prior to dismissing a case under Rule 37: (1)whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and, (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)(*citing Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990)).

4

While it is fair to say that defendant's failure to comply with the Court's June 24, 2009 Order was inexcusable, the remaining factors do not weigh in favor of entering default judgment against defendant. Despite plaintiff's assertions, it is not clear how plaintiff was prejudiced from the delay. It does not appear that defendant was intentionally concealing the SBA loan from plaintiff in order to defend against his motion for summary judgment. Plaintiff waited five months before filing his motion to compel. Defendant was not warned that failure to cooperate in discovery could lead to default judgment, and the imposition of less drastic sanctions has not been considered prior to this. Although further sanctions are not warranted at this time, more drastic sanctions will be imposed if defendant fails to cooperate with discovery in the future.

Conclusion. Plaintiff Randy Young's February 4, 2010 motion to impose sanctions of default judgment and attorney fees (doc. 53) is GRANTED in part. Plaintiff is AWARDED his attorney fees incurred in bringing his motion to compel. Plaintiff is ORDERED to submit to defendant an itemized statement of such costs and fees within ten (10) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District

5

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge